## PLUMB v. CATTARAUGUS CO. MUTUAL INSURANCE COMPANY.

The agent of an insurer prepared the application for a fire policy and made the survey and measurements therein contained, procuring the signature thereto of the applicant, without any examination of their correctness on the part of the latter, by representing that he had full authority to make such surveys and measurements on behalf of the insurer : *Held,*

1. That assuming the representations of the agent in respect to his authority to have been true, the insurer was estopped from showing a breach of warranty by proof of errors material to the risk in the survey and application.

2. That the defendant, having stood upon his exception to the admissibility of evidence tending to prove the authority of the agent to make the survey, without asking that the force of such evidence should be submitted to the jury, a general exception to the direction by the judge of a verdict for the plaintiff raises no question as to the sufficiency of the evidence to establish such authority.

APPEAL from the Supreme Court. The action in this case was like that in the preceding one of *Brown* v. *The same defendant* (*ante, p.* 385). The plaintiff was the assignee of one Henry, to whom a policy had been issued upon an application filled out by Ide, the surveyor and agent mentioned in the two preceding cases, and in the same form there described. Upon the trial, which was before Mr. Justice JOHNSON, the defendant proved that there were several buildings situated within less than ten rods of the property insured, and which exposed it to injury and loss by fire, which were not mentioned in the application for insurance, and also that one of the buildings therein described as distant eight rods was in fact but six rods distant ; and that another, a planing-mill and turning-shop, described as two rods distant, was in fact distant but eighteen feet. The plaintiff, under exception by the defendant, was permitted to prove the same facts in respect to the agency, residence and course of business of Ide, which is stated in the case of *Brown, ante.* The plaintiff also gave evidence tending to prove that in making out the application Ide acted as the agent and surveyor of the

Plumb *v.* The Cattaraugus County Mutual Insurance Company.

company; that he called upon Henry, with a printed blank application, and solicited him to effect insurance with the defendant's company; told him that he was going to the office of the company that day and that it was necessary to . make out the application that day; Henry replied that his clerks were all absent and he was alone in the store and could not attend to the business; that if Ide insisted on taking the application that day he must get along alone and act on his own responsibility. Ide replied that that was what he was appointed agent and surveyor for, and that all Henry had to do was to say what property he wanted insured, and he (Ide) would take care of the rest and fill out the blank. Henry suggested that some measurement ought to be taken, and furnished a tape line for that purpose, which Ide took and went out of the store. He soon returned, filled out the application and stated to Henry that it was all right and just as it should be. Henry looked over it hastily and without any particular examination as to the statement of the distance and relative situation of other buildings; told Ide that upon his representations and statement he should sign it, and thereupon did sign and paid the premium required. To the admission of all this evidence the defendant's counsel took an exception. Neither party desired that any question of fact should be submitted to the jury, and the judge directed a verdict for the plaintiff, to which direction the defendant took an exception. The judgment thereupon entered having been affirmed at general term in the eighth district, the defendant appealed to this court. The cause was submitted on printed arguments.

*A. G. Rice,* for the appellant.

*C. C. Torrence,* for the respondent.

PRATT, J. As no point was made upon the trial or upon this appeal that the agent Ide was not clothed with all the

power which he professed to have, it may be assumed that what he did in making the survey and measurements and in filling out the application was strictly within the line of his duty as surveyor and agent of the company. If, therefore, he acted within the scope of his authority in making these surveys and measurements and in preparing the applications, I do not see why the question is not the same in principle as if the same thing had been done by the company itself. Suppose an individual insurer had himself assumed to make the survey and measurements, and, as in this case, had filled up a blank application and had represented to the applicants that his survey and measurements were correct, and that upon the faith of such representations, and with no knowledge of the facts themselves, the insured had signed the application and thus made the statements their own. Although they had thus been led into a warranty of what was not true, they could not, undoubtedly, change the contract by parol testimony. The writing must still be held to express the contract between the parties. And neither party can insist that the contract is other than what the writing expresses.

But when the party through whose acts and representations the other party was induced to enter into the contract claims the right to show that the facts were different from what he had represented them to be, for the purpose of showing a breach of the warranty, and thus avoiding what would otherwise be a binding contract, and escaping its obligations, I cannot discover why the doctrine of estoppel may not justly be applied to him, and he be precluded from denying what he once asserted. It presents, I think, the precise case for the application of the doctrine of *estoppel in pais*, as defined in the cases. Lord DENHAM, in *Pickard* v. *Sears* (6 *Ad. & Ell.*, 475), says: "The rule of law is clear that where one by his words or conduct willfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief so as to alter his own

previous position, the former is concluded from averring a different state of things as existing at the same time."

Substantially the same rule, but in still more explicit terms, was laid down by BRONSON, J., in *Dezell* v. *Odell* (3 *Hill*, 215). "It must appear: 1. That he has made an admission which is clearly inconsistent with the evidence which he proposes to give, or the title or claim which he proposes to set up; 2. That the other party acted upon the admission;. and, 3. That he will be injured by allowing the truth of the admission to be disproved." The same rule was laid down by NELSON, J., in *Welland Canal Company* v. *Hathaway* (8 *Wend.*, 483). The rule thus laid down precisely fits this case, and surely the equities of a cause never called more persuasively for the application of the rule than they did in this case. I think, therefore, the court were right in ordering a verdict for the plaintiffs upon the evidence, and the judgment of the Supreme Court should be affirmed.

JOHNSON, Ch. J., DENIO and STRONG, Js., dissented for reasons stated in the opinion of the latter in the last preceding case.

Judgment affirmed.