ANSON M. BAKER, APPELLANT, v. HOME LIFE INSUR-ANCE COMPANY, RESPONDENT.

*Policy of insurance — Warranty — breach of — Statements to agent of company — effect of.*

A policy was issued by the defendant, on the joint lives of the plaintiff and his wife, loss payable to the survivor. By the application, signed by the plaintiff, it was agreed that the answers to the annexed questions should form the basis of the contract or policy to be granted thereon, and that if the same were not in all respects true, the said policy should be void; and a similar provision was contained in the policy itself.

The assured answered the question, " Have the parents . . . brothers . . . of the party been afflicted with . . . consumption, or with any pulmonary . . . or other constitutional disease ?" by a simple and unqualified negative. In an action brought by the plaintiff upon the policy, after the death of his wife, it appeared that her brother had died of consumption. *Held*, that the incorrectness of the answer of the question avoided the policy, and that the action could not be maintained.

The plaintiff testified that his wife informed the agent of the company, that she understood that her brother had died of consumption. *Held*, that, as both of the assured signed the answer to the question, and as there was no evidence tending to rebut the presumption that the wife signed the paper with a full knowledge of its contents, such knowledge on the part of the agent would not entitle the plaintiff to recover.

*Rowley* v. *The Empire Ins. Co.* (36 N. Y., 550) and *Plumb* v. *The Cattaraugus Ins. Co.* (18 id., 392) distinguished.

MOTION for new trial, after nonsuit at the Livingston Circuit, and on exceptions ordered to be heard at General Term in the first instance. The facts are stated in the opinion.

*Mr. Danforth*, for the plaintiff.

*Mr. Capwell*, for the defendant.

TALCOTT, J. :

This was an action on a life insurance policy on the joint lives of the plaintiff and his late wife, the loss payable to the survivor. Attached to the application, and to the answers to the questions propounded on behalf of the insurance company, was an agreement by the plaintiff, signed by him, containing the following, amongst other provisions: "And it is further agreed that the preceding answers given to the annexed questions and the accompanying statements, and this declaration, shall be the basis, and form part of the contract or policy, which may be granted on this application. And if the same be not in all respects full, true and correct, the said policy shall be void, and all moneys which may have been paid on account thereof, shall be forfeited to said company." And the policy, itself, declares that the same is granted by the company, and accepted by the assured, upon the express condition that if the statements, declaration and agreement, made by or for the assured, contained in the application, upon the faith of which the policy is made, *shall be found untrue in any respect*, the company shall not be liable for the payment of the sum assured, or any part thereof, and the policy shall cease and be null and void, and of no effect. Among the questions and answers in writing which constituted a part of the application, was the question, numbered twenty, as follows: "Have the parents, uncles, aunts, brothers or sisters of the party, been afflicted with insanity, consumption, or with any pulmonary, scrofulous or other constitutional disease?" This the assured answered by a simple and unqualified negative. The evidence was pretty clear to show that several of the brothers and sisters of Mrs. Baker had died from consumption. As to some of these cases, however, there might have been some question of fact, but as to the case of William L. Dana, a brother of Mrs. Baker, there seems to have been no room for any such question. Doctor Wolcott, an experienced physician, under whose care Mr. Dana had been for some two years before his death, and who had most ample opportunity for ascertaining by every method the disease with which he was afflicted, and of which he died, unhesitatingly pronounces that disease to have been tubercular consumption, and states that he examined his lungs several times during the progress of the disease by the usual methods of percussion and auscultation, and gives the history of the disease

and symptoms down to the time of death. The qualifications of Dr. Wolcott are in nowise questioned, and his testimony is in no respect impeached or rendered doubtful. If anything can be proved, as a matter of medical science, we think it was established in the case beyond all question, that William L. Dana, the brother of Mrs. Baker, had been afflicted with, and had died of, consumption, prior to the application for this policy. This being so, and the answer to the twentieth question being thus shown to be untrue, by the express terms of the agreement accompanying the application, and of the policy itself, the company was not liable for the amount insured, or any part thereof. It is true, the twentieth question is very far reaching, and the answer to it, being an absolute and unqualified negative, was a very incautious and dangerous assertion, but it is not for the court to alter the plain contract of the parties. If persons, procuring policies, see fit to take such contracts, and make such statements as the basis thereof, they must abide the consequences. To allow the statements to be contradicted, upon the claim that the party had signed them without having read them, when there was no pretense that he was prevented from reading, or that the contents were in any way misrepresented, would be to destroy all security afforded by reducing contracts to writing.

The plaintiff testifies that Mrs. Baker informed the agent of the company, that she understood her brother, William L. Dana, had died of consumption. Nevertheless, both of the assured signed the statement containing the answer to the twentieth question; and, as to Mrs. Baker, there is no evidence tending to rebut the presumption that she signed the paper with a full knowledge of its contents. The case of *Rowley* v. *The Empire Ins. Co.*,* on which the plaintiff's counsel seems to rely, to establish the proposition that if a true statement is made to the agent, and he puts down a false answer, the company is nevertheless bound, is a very different case from the present. In that case, the statement was made to the agent according to the truth, and the assured signed the statement in blank, upon the agreement of the agent to insert the particulars as furnished to him. The agent took the application away with him, and afterward filled it up incorrectly; and the question in the case was, whether, in filling up the application under these circum-

* 36 N. Y., 550.

stances, the agent was acting as the agent of the company, or of the assured; and it was held that he acted as the agent of the company in filling up the blank in the absence of the assured, he having assumed to receive the application in blank, and agreed to fill it up according to the instructions. In *Plumb* v. *The Cattaraugus Ins. Co.*\* the agent had assumed to make the survey — it being a part of his duty as agent of the company to make the survey — and he made the statement to the assured of the measurements. The statement signed by the assured as to the measurements, was according to, and on the faith of, the measurements furnished to him by the agent; and on the assumption that the agent was authorized on behalf of the company to make these measurements, it was held that the company was estopped to deny the truth and accuracy of the measurements furnished by its agents to the assured, on the principle that, " when one by his acts or conduct willfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring a different state of things as existing at the same time." The reason why these cases should not be extended to a case like the present, are forcibly presented in Bliss on Life Insurance, section 292. At all events, in the present case, the violent presumption of the law is, that Mrs. Baker fully understood the contents of the statement signed by her, and its legal effect; and there is, absolutely, no evidence to repel this presumption as to her; consequently, whatever may be claimed as to the evidence touching the diseases and death of Mrs. Baker, herself, and of her other brother and sister, there would seem to be no question but that the statement in answer to the twentieth question was untrue in regard to William L. Dana; nor, but that a verdict, finding the answer to be true, would have been unauthorized upon the evidence. We think, therefore, that the nonsuit was right, upon the ground on which it was placed at the circuit; and a new trial is denied, and judgment ordered upon the nonsuit.

Present — E. D. SMITH, P. J., GILBERT and TALCOTT, JJ.

Ordered accordingly.

\* 18 N. Y., 392.