ALEXANDER TAYLOR, as EXECUTOR, ETC., RESPONDENT, v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY, APPELLANT.

*Life insurance — written application for — when company cannot take advantage of mistakes in.*

The plaintiff's testator having applied to an agent of the defendant for an insurance upon his life, the agent applied to the medical examiner of the company for information respecting the applicant, and was informed by him that he was the physician of the applicant and knew of all the sickness he ever had; that he knew the man and his family record well; that it was unnecessary to wait to fill out a written examination. The physician had previously stated to

the applicant that he had no disease which would stand in the way of his application. The same evening the agent, applicant and physician met together, when the latter again stated that the applicant was a sound man. Subsequently, and after the risk was accepted, the written application was filled out by the agent and signed by the applicant.

In an action to recover on the policy so issued, the company defended, on the ground that the application stated that the applicant had had no ailment or disease within the last ten years, and that he had no medical attendant; while, in fact, he had a medical attendant, and had been sick for a couple of weeks, some years before, from a disease of the stomach. *Held*, that the making out of the application must be regarded as the act of the company, and it could derive no benefit or immunity from any misstatement therein contained.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made at the Special Term upon a case and exceptions.

*John T. Pingree*, for the appellant.

*C. H. Winfield*, for the respondent.

DYKMAN, J.:

This is an action upon a policy of life insurance, and is defended on the ground of misstatements and concealments made in the application for the insurance. The insurance seems to have been effected in the following manner: The assured resided at Middletown, Orange county, at which place the defendant had a local agent and a medical examiner, and on the 20th day of December, 1871, there was a general traveling agent of the defendant there also. The former on that day made application to the agent of the company for insurance, and the agent applied to the medical examiner for information respecting the applicant and was told by him that he was the physician of the applicant, and knew of all the sickness he ever had, and knew the man well, and knew his family record, and that it was unnecessary to wait to fill out a written application, and that he would make the medical examination. A few hours previous the medical examiner told the assured in a conversation with him on the subject that he had no disease which would stand in the way of his application. On the evening of the same day the assured, with other applicants, met the medical examiner and the agent to be examined, with three others. The agent

was in great haste to leave, and the examiner told him that the assured and the other three·were all sound men.   After this the written application was made out which was signed by the assured, and which contains the statements relied upon to defeat a recovery in this action, which statements are, in substance, that the assured had no ailments or diseases within the last ten years, and that he had no medical attendant.

From this statement it will be seen that this written application did not induce the acceptance of the risk, but that the medical examination was had, full investigation made by the agent and the risk accepted, before this written application was made.   The risk was really accepted upon the information derived from the medical examiner, who knew ·all about the applicant and who gave full information to the agent.   Instead of inducing the agent to accept the risk the applicant was really induced to take the policy.   He placed himself completely in the hands of the medical examiner, before he made the application or submitted to the medical examination, and was told that there was no obstacle in the way of his taking a policy.   The agent was told the same thing in substance, and then the applicant submitted to the examination and received his policy and paid the necessary premium.

Now, if under these circumstances this company can escape liability on this policy, then life insurance will be reduced to a delusion and a snare.   The companies send their agents into all places to preach the gospel of life insurance to all men, and to induce them to become insured.   They meet with men of all classes, many of them having little or no education, and understanding but very little of the force or effect of language or words. They draw all the papers themselves, fill up blank applications and policies, with which they are familiar and the applicant is not, and the applicant appends his name, in most instances, in blind reliance upon the assurance of the company's agent that all is right, and all will be well.   This is substantially a true picture of this case. Now, it is claimed that a false statement has been made which vitiates the whole contract ; that, whereas, the application contains a statement that the applicant had had no ailments or diseases within the last ten years, yet in truth and in fact within that time he had had an attack of one of the most common forms of inflam-

mation of the stomach, which lasted about two weeks, and which might have been forgotten at the time of making this application. Of course this attack had no possible connection with the disease which eventually caused the death of the insured person. There can be no pretense that any fraud or misrepresentation was intended by the applicant, and, as he was free from fraud, we intend to sustain this judgment on the ground that the making out of the application must be regarded as the act of the company, and it can derive no benefit or immunity from any misstatement it contains. In the case of *Rowley* v. *The Empire Insurance Company* the Court of Appeals held that an agent of an insurance company, in filling up a blank application for insurance, acts as the agent of the company rather than of the applicant, and a misstatement made therein by him, which is not induced by the instruction of the appellant, does not avoid the policy. (4 Ct. App. Dec., 131 ; 36 N. Y., 550.) The same doctrine had been before that held in the case of *Plumb* v. *The Cattaraugus County Mutual Insurance Company* (reported in 18 N. Y., 392), and when Judge GROVER questioned the correctness of this decision in his opinion in the case of *Owens* v. *Holland Purchase Insurance Company* (56 N. Y., 565), all the other judges took pains to say they did not concur in that portion of the opinion. The case of *Flynn* v. *The Equitable Life Insurance Society* is much like this case, and the court sustained the recovery on the ground that, although the answers and statements were untrue, yet, as the medical examiner, under whose advice they were made, was the agent of the company, they were bound by his acts, and could not set up the untruthfulness of the answers and statements as a defense. (7 Hun, 387.)

This doctrine accords with good sense, fair dealing and sound morals, and ought to prevail.

Judgment affirmed, with costs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial affirmed, with costs.