DANIEL A. MOWRY, Jr. Appellant, *against* THE WORLD MUTUAL LIFE INSURANCE COMPANY, Respondent.

(Decided June 25th, 1877.)

A recognition and ratification by an insurance company of the acts of one who solicits for it a risk and fills up an application for insurance, establishes his relation as agent of the company, in respect to such acts, and any errors or omissions of the agent in the course of such acts are the errors and omissions of the company.

Where the answer of the insured to the question, in the application for a policy, "Occupation ? Please state definitely," was "Manf'g,"—*Held*, that a breach of warranty was not shown by proof that the insured, at the time the answer was

---

given, was keeping a billiard saloon, though he had for years previous been a manufacturer of soda water, and was about to resume that business.

Where the assertions of the insured in his application for a policy were, that he had not, during the last ten years, had any sickness or disease, and had not employed or consulted a physician for himself:—*Held*, that a breach of warranty was not shown by proof that within a year previous to the application a physician had given the insured advice and medicine, it not appearing whether either the advice or medicine were for the insured personally or for his family.

Where a breach of warranty is relied upon by an insurance company as ground for forfeiting the policy, the warranty is to be strictly construed against the company.

APPEAL by the plaintiff from a judgment of this court in favor of the defendant, entered upon a dismissal of the complaint granted by the court at the close of the trial before Judge JOSEPH F. DALY and a jury.

The action was brought to recover upon a policy of insurance upon the life of Nelson H. Mowry.

The answer set up as a defense that the application for insurance formed part of the contract of insurance, and that there were breaches of warranties in that there had been false answers given to various questions in the application.

Upon the trial it appeared that William T. Shepley and John Shepley, who were engaged in business together as insurance agents for various insurance companies, had together solicited Nelson H. Mowry to insure his life; that William T. Shepley wrote in some of the answers to the questions in the blank application in the absence of the parties who were supposed to have answered them, and that his name was indorsed on the application as "agent;" that John Shepley took from the defendant the receipt for the premium, countersigned it as agent, and delivered it to Daniel A. Mowry.

The court dismissed the complaint at the close of the evidence, holding that the evidence showed a breach of warranty as to the occupation of the insured, and as to his consulting a physician.

The plaintiff's counsel asked to have the question of the agency of the Shepleys who, it was alleged, solicited the policy, submitted to the jury, and also whether or not there

were any misstatements or concealments of facts in the application, whether or not they were material, and whether the declarations in the application were warranties, go to the jury, but was refused, and took exceptions.

*Julien T. Davies* and *James McNamee*, for appellant.

*W. P. Prentice*, for respondent.

LARREMORE, J.—The plaintiff appeals from the judgment entered in this action dismissing his complaint with costs. He sued upon a policy of insurance issued to him by the defendant, March 3d, 1868, upon the life of Nelson H. Mowry, who died April 8, 1868, after a short illness. The application for insurance contained the usual inquiries as to the occupation, health and habits of the insured, upon which breaches of warranty were alleged, and claimed to have been established on the trial.

Some time prior to March 3d, 1868, John and William T. Shepley (life-insurance agents) solicited the Mowrys to take out a policy in the company defendant. On February 29th, 1868, a blank form of application for insurance was signed by the applicants, which was subsequently filled up by William T. Shepley. This application, upon which was indorsed "Agent, W. T. Shepley," was taken by John Shepley to the defendant, who accepted the risk, issued the policy, and gave the premium receipt to him, who countersigned it as agent, and delivered it to plaintiff.

The relation of the Shepleys to this transaction is an element of importance in the decision of this case. They solicited the insurance for the World Company, filled up the blank application upon which one of their names was indorsed as "agent," received the premium, and delivered the policy. Although no express authority of their agency for the defendant was shown, a recognition and ratification of it would be sufficient. (*Curtis* v. *Leavitt*, 15 N. Y. 47; *Bennett* v. *Judson*, 21 N. Y. 238; *Meehan* v. *Forrester*, 52 N. Y. 277; *Plumb* v. *Cattaraugus Co. Mut. Ins. Co.*, 18 N. Y.

392; *Chase* v. *Hamilton Ins. Co.*, 20 N. Y. 52; *Shaft* v. *Phœnix, etc., Ins. Co.*, 8 Hun, 632; *Rowley* v. *Empire Ins. Co.*, 4 Abb. Ct. of App. Dec. 131.) It is evident that if such agency existed, an error or omission of Wm. T. Shepley, in filling up the application for insurance, would be the act of his principal.

The first alleged breach was the representation as to the business of the deceased, viz. :

" Occupation—Please state definitely.

" Ans.—Manufacturing."

Defendant contends that the falsity of this statement is shown by the fact that in February, 1868, the deceased kept a billiard saloon. But it was also shown that for years previous he had been engaged in manufacturing soda-water, and in pursuance of an agreement between himself and the plaintiff, dated February 4th, 1868, was about to resume the same business.

If the question had been "*present* occupation—please state definitely," the breach would have been undoubted; but the deceased may have understood the question as referring to his usual, and not his temporary occupation.

In the case of *Dilleber* v. *The Home Life Insurance Co.*, in the Court of Appeals (69 N. Y. 256), Judge Earle says: " Fraud may be predicated upon the suppression of truth, but warranty must be based upon the affirmation of something not true." Besides, the answer, " manufacturing," conveyed no definite idea of the actual business of the applicant. Whether it was hazardous in its nature or not, appeared to be of little consequence to the insurer, for the answer was accepted without further inquiry. (*Fitch* v. *American, etc., Ins. Co.*, 59 N. Y. 572.)

The alleged breach of warranty, as to the statement in relation to the intemperate and habitual use of alcoholic stimulants, was a question for the jury.

The remaining breach relied on, was that affecting the health of the insured, and the employment and consultation of a physician. The insured, to the question " Has the party had, during the last ten years, any sickness or dis-

ease?" answered "No;" and to the question "Have you employed or consulted any physician, for yourself or your family—Please answer this yes or no." Ans.—"None for myself." The only testimony to support the breach of warranty, is that of Dr. Samuel Mowry, who testified: "By reference to my books, I find I gave N. H. Mowry advice and medicine on Dec. 21st, Dec. 26th, and Dec. 30th, in 1867."

There is no proof of any special sickness or disease, nor that the advice and medicine were for the personal benefit of the life-insured. It may have been, as the answer "none for myself" would imply, for a member of his family.

The defendant must be held to a strict construction of a warranty, the breach of which works a forfeiture. *Dilleber* v. *Home Life Ins. Co. (supra)*, and cases cited. Another view is suggested at this point. If Shepley's agency for defendant be established, then before the alleged misrepresentation can be assigned as a breach, it must appear that the disputed question was directly asked and answered. Where is the evidence that Shepley interrogated the insured as to sickness and medical advice? The proof is that Shepley was in haste to go to Boston, and filled up the blank application after he arrived there. He "did not ask any of the printed questions on the first page," but took a minute of every thing at the time. On his re-direct examination he is not positive about taking a minute.—"I might, in this case, being in a hurry, have neglected it."—Here is a wide margin for doubt as to his accuracy and carefulness in the transaction, and if the defendant has ratified the act, by accepting his services, it must not complain if it be estopped by his errors.

The case is one for a jury, upon the questions of agency and breach of warranty, and the judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

CHARLES P. DALY, Ch. J., and ROBINSON, J., concurred.

Judgment reversed, and a new trial ordered, with costs to abide event.