ALBERT G. A. HARNICKELL, APPELLANT, *v.* THE NEW YORK LIFE INSURANCE COMPANY, RESPONDENT.

*Right of a person receiving a policy of insurance, conditionally, to surrender it on a breach of the condition — restrictions in a policy as to the power of an agent to bind the company, only apply after the policy has been delivered and accepted.*

This action was brought to secure to the plaintiff the right to return to the defendant two policies of life insurance issued by it to him, and to receive from it two notes for $800 each made by him, and his check for seventeen dollars and thirty-seven cents. The policies were issued by the defendant under an arrangement made between the plaintiff and one Hamlin, an agent of the defendant, by which the plaintiff accepted the policies upon the understanding that Hamlin was to realize a satisfactory amount upon the surrender of certain other policies issued by other companies on the plaintiff's life, or to obtain paid-up policies therefor, and that if nothing satisfactory to the plaintiff could be obtained he was to return the defendant's policies issued to him and receive back those of the other companies delivered by him to Hamlin, with the notes and check which were delivered at the time the arrangement was made. Hamlin having been unable to make any arrangement as to the policies issued by the other companies which was satisfactory to the plaintiff, and the defendant having refused, when requested by the plaintiff, to surrender the notes and check or to accept a surrender of the policies, this action was brought.

*Held,* as the defendant's policies had never taken effect as insurances upon the plaintiff's life, but had been only temporarily received by him—their delivery and acceptance being dependent upon the success of Hamlin in negotiating an arrangement as to other policies satisfactory to the plaintiff—that the provisions of the defendant's policies restricting the powers of agents acting on behalf of the company to alter or modify the term of the contract, or to bind the company by making any promise or receiving any representation or information not

reduced to writing and presented to the officers of the company at the home office, in the application, had no application to the case, and that the plaintiff was entitled to the relief sought.

That as the policies were not under seal the rule that a deed cannot be delivered conditionally to the grantee or his agent had no application.

*Worrall* v. *Munn* (1 Seld., 229) distinguished.

APPEAL from a judgment dismissing the complaint recovered on the trial of this action at Special Term.

*John M. Bowers*, for the appellant.

*Carter, Hornblower & Byrne*, for the respondent.

DANIELS, J.:

The action was brought to secure the right of the plaintiff to return two policies of life insurance issued to him by the defendant upon his life in the sum of $25,000 each, and for the surrender to him of two notes for $800 each and a check for the sum of seventeen dollars and thirty-seven cents. The policies were issued under an arrangement made between the plaintiff and M. L. Hamlin, who acted as the agent of the insurance company. At the time when they were received this agent entered into an agreement with the plaintiff in the following form:

"NEW YORK, *May* 8, 1885.

" To M. L. HAMLIN, *Special Agent of the New York Life Insurance Company* :

" DEAR SIR. — I have received from you policies No. 204233 for $25,000, and 204234 for $25,000, and have given promises of payment for the premiums thereon, less rebate allowed, viz..... $539 13

My two notes .................................... 1,600 00

My checque.. .... .............................. 17 37

                                                 $2,156 50

I hand you herewith altogether:

Five policies, endowments, in Providence Co.......... $5,500 00

Two policies, life, in Providence Co................. 10,000 00

One policy, life, in Equitable....................... 5,000 00

Three policies, life, in Mutual Benefit.............. 10,000 00

One policy, life, in U. S. L. Co.................... 5,000 00

Which, it is understood, is all the policies I have now in force, besides those of your company above mentioned, and from which I want to realize a satisfactory amount in cash, and if not obtainable then paid-up policies; and if nothing satisfactory to me can be obtained, then I understand that my policies shall be left in force and the above new ones in your company if found by me necessary to wait, or omit taking them, can be returned to you and my above promises returned to me.

" Yours truly,

"A. G. A. HARNICKELL.
"M. L. HAMLIN."

It was made to preserve and carry into effect a preceding. agreement by which the plaintiff obligated himself to receive the defendant's policies only upon the conditions that those already held by him in other companies should be surrendered and accepted by the companies, and their cash value returned to him or equivalent paid-up policies should be issued. The agent receiving these policies for this object, and placing the defendant's policies in the possession of the plaintiff, and receiving his notes and check for the premiums, failed to carry out this arrangement. And as to the greater part of the policies it was incapable of being carried into effect, on account of the fact that they were issued for the benefit of the wife and children of the plaintiff. After the inability of the agent to make the surrender was found to exist, the plaintiff proposed to return its policies to the defendant, and demanded the notes and check executed by himself. That was refused, and this action has been brought to secure that measure of relief. It was considered at the trial that the action could not be maintained, because of certain provisions contained in the two policies issued by the defendant. By these provisions it was declared that "inasmuch as only the officers at the home office of the company, in the city of New York, have authority to determine whether or not a policy shall issue on any application, and as they act on the written statements and representations referred to, no statements, representations or information made or given by or to the person soliciting or taking this application for a policy, or to any other person, shall be binding on the company, or in any manner affect its rights,

unless such statements, representations or information be reduced to writing and presented to the officers of the company, at the home office, in the above application."

"No agent has power on behalf of the company to make or modify this or any contract of insurance, to extend the time for paying a premium, to issue a permit for residence, travel, occupation, or to bind the company by making any promise or receiving any representation or information. This power can be exercised only by the president, vice-president or actuary of the company, and will not be delegated."

The first of these provisions in no manner stood in the way of the assertion of the plaintiff's rights under the agreement made with him, for the reason that the arrangement did not consist of statements, representations or information, within the language of that provision. Neither was the plaintiff deprived of the right to insist upon the observance of the agreement by the other provision, for that was intended to include contracts or agreements modifying the provisions of the policies after they had become effectual as insurances between the parties. The theory of the plaintiff's action was that these policies never had taken effect as insurances upon his life, but that they had been temporarily received by him only depending upon the contingency of the agreement between himself and the agent being carried into effect. In this respect the case differs from that of *Chase* v. *Hamilton Insurance Company* (20 N. Y., 52) and that of *Simons* v. *New York Life Insurance Company*, not reported, which were actions upon the policy itself. Where that may be the nature of the action, clearly the policy could not be modified or changed by any preceding agreement, arrangement, statement or understanding with the agent. These provisions would prevent that from being done. But where the policies themselves have not taken effect as fixed and definite contracts between the parties, as they had not in this instance, the case stands upon a different principle.

While the policies were in form delivered to the plaintiff, that delivery was for the time being conditional. They were not received by him as insurances effectual from that time, unless the preceding arrangement between himself and this agent should be carried into effect. That arrangement was not carried out, and as the

fact eventually turned out it could not be, and it left the plaintiff in the legal situation in which he could return the policies to the defendant and demand the obligations which had been delivered by him for the payment of the premium.

The principle settled by the case of *Worrall* v. *Munn* (1 Seld., 229), that a deed cannot be delivered conditionally to the grantee or his agent, has no application to these policies, which are not under seal. As to instruments not under seal, the law allows them to " be delivered to the one to whom upon their face they are made payable, or who by their terms is entitled to some interest or benefit under them upon conditions, the observance of which is essential to their validity. And the annexing of such conditions to the delivery is not an oral contradiction of the written obligation, though negotiable as between the parties to it, or others having notice. It needs a delivery to make the obligation operative at all, and the effect of the delivery, and the extent of the operation of the instrument may be limited by the conditions with which delivery is made. (*Benton* v. *Martin*, 52 N. Y., 570, 574.) And that these policies were subject to this condition was clearly proved upon the trial, as that was required to be done, by what was held in *Hodge* v. *Security Insurance Company* (33 Hun, 583).

The fact that the agent had no authority to bind the defendant by making a conditional delivery of the policies, will not deprive the plaintiff of his right to rescind the transaction as long as he himself assented to receive them only in that manner. When they were placed in his hands the transaction, in substance, was that he would accept them as insurances upon his life, provided the other policies should be surrendered by the agent in the manner in which they had agreed that should be done, and if they were not so surrendered that then there should be no delivery of these policies. The intervention of the agent in this condition was not essential. It was sufficient that the plaintiff himself consented to receive the policies in no other manner. And as he did receive them in this manner, he had a right to insist upon the observance and performance of the condition before the obligation could be created upon his part to retain and hold the policies in suit. There was no waiver of this right on the part of the plaintiff by retaining the policies as he did from the eighth of May to the sixth

of August, for that period appears to have been required in the efforts made to surrender the other policies and develop the inability of the agent to secure that end.

The judgment in the case should be reversed, and a new trial ordered, with costs to abide the event.

BRADY, P. J., concurred.

Judgment reversed, new trial ordered, costs to abide event.