ELECTRONE AUTO MUSIC CO., INC., Plaintiff, Respondent, *v.* RICHMOND INSURANCE COMPANY OF NEW YORK, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, March, 1924.

Insurance — fire insurance — action to recover for loss of piano — policy did not cover piano used in building occupied in part by manufacturer — breach of warranty not defense.

A policy which insured pianos contained in any building " occupied as stores and dwellings, theatres, apartment houses, churches, schools and public buildings " did not cover the loss by fire of a piano in a building a part of which was used for manufacturing purposes.

In an action on the policy the clause therein negativing exemption of defendant from liability by reason of breach of warranty does not apply since the defense is only that the piano did not come within the terms of the policy.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, after trial by the court without a jury.

*Leslie C. Ferguson,* for appellant.

*Dowling & Alexander (Jacob J. Alexander,* of counsel), for respondent.

PROSKAUER, J.  Plaintiff has recovered for a fire loss of a piano situated in a restaurant in a building at 112 West Twenty-eighth street. The policy insured pianos contained in any building " occupied as stores and dwellings, theatres, apartment houses,

43

churches, schools and public buildings." Part of the premises 112 West Twenty-eighth street were occupied by a manufacturing furrier, who employed several workmen and operated six machines and had in his premises from 1,500 to 5,000 raw furs, 500 to 2,000 finished garments and raw supplies, such as rolls of cotton and thread. This portion of the building was clearly used for manufacturing purposes and the policy did not cover a piano contained in such a building. 1 Cooley Ins. 732; *Chase* v. *Insurance Co.,* 20 N. Y. 52; *Jackson* v. *Insurance Co.,* 33 Hun, 60; *Wall* v. *East River Mutual Ins. Co.,* 7 N. Y. 371. The clause in the policy negativing exemption of defendant from liability by reason of breach of warranty by the plaintiff does not apply. The defense here rests not on a breach of warranty, but on the proof that the burned piano never came within the terms of the policy.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs.

GUY and BURR, JJ., concur.

Judgment reversed.