HENRY ALLEN et al., Appellants, *v.* THE GERMAN AMERICAN INSURANCE COMPANY of New York, Respondent.

A policy of insurance forms no exception to the general rule that contracts will be enforced according to their terms, and effect will be given to the expressed and evident intention of the parties.

Every provision, in the absence of fraud or conditions immoral in the eye of the law, will be presumed to be material to the obligations assumed, and when the contract is made to depend upon the fulfillment of prescribed conditions the parties will be held to the exact nature of the engagement; it is no excuse to a party that he mistook the law of the case, or that through inadvertence the conditions and possible consequences were unnoticed.

An insurance company has the right to qualify its consent to further insurance and its purpose in requiring such a qualification is immaterial.

A mere insurance broker cannot be held to be an agent of an insurance company without evidence of some action on its part, or of facts from which a general authority to represent it may be fairly inferred.

In an action upon a policy of fire insurance it appeared that upon the application of N., an insurance broker, plaintiffs entered into an agreement with him for insurance upon their property. N. wrote upon a piece of paper the apportionment of the insurance between different companies, also certain privileges and among them as to other insurance, and forwarded it to defendant, who returned to N. a policy for the amount apportioned to it having attached to its face the paper he had forwarded but with a change limiting the amount of other insurance to a sum specified. The policy provided, among other things, that the assured by its acceptance warranted that defendant should not be bound under it "by any act of, or statement made to or by any agent or other person which is not mentioned in this policy," and that it should become void unless the defendant's consent in writing was indorsed upon it "if the assured have or shall hereafter obtain any other policy or agreement for insurance, whether valid or not, on the property;" also, that "if any broker or other person than the assured have procured this policy or any renewal thereof, or any indorsement thereon, he shall be deemed the agent of the assured and not of this company in any transaction relating to the insurance." The concluding clause of the policy provided, "this policy is made and also accepted by the insured upon and under * * * all the foregoing agreements, covenants, limitations and conditions." A., without knowing of the limitation, procured other insurance in excess of the amount specified without the consent required. *Held*, that plaintiffs, when they accepted the policy, became chargeable with knowledge of its contents, and took it subject to its

terms, and that while the condition in the policy as to other insurance was so far modified by the paper annexed as to permit other insurance without notice up to the amount limited, the procuring of insurance in excess of that amount without the required consent avoided the policy. Also, *held*, the fact that N. at the time he delivered the policy knew of other insurance by plaintiffs exceeding the sum limited, and that thereafter when a renewal of the policy was delivered he consented to and recommended additional insurance, did not constitute a waiver of the condition of the policy or estop defendant from claiming a forfeiture.

(Argued June 4, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in third judicial department, entered upon an order made December 8, 1888, which affirmed a judgment at Special Term in favor of defendant entered upon a decision of the court on trial at Circuit without a jury.

This action was upon a policy of fire insurance issued by defendant to plaintiffs.

The facts, so far as material, are stated in the opinion.

*Richard L. Hand.* for appellant. It is enough if any or all of the plaintiffs are entitled to recover the money. (Code Civ. Pro. §§ 446, 448, 449; *Winne* v. *Niagara*, 91 N. Y. 185; *Simar* v. *Canady*, 53 id. 298; *Enos* v. *Leach*, 18 Hun, 139.) To establish a forfeiture, it is well settled that the defendant must prove fraud. Mere omission, or even false statement, not shown to be fraudulent, is immaterial. (*Schuster* v. *D. C. Ins. Co.*, 102 N. Y. 260; *Titus* v. *G. F. Ins. Co.*, 81 id. 410; *Putnam* v. *U. Ins. Co.*, 18 Blatch. 368.) The policy was not invalidated by other insurance. (*Burleigh* v. *Gebhard*, 90 N. Y. 220; *Burleigh* v. *A. Ins. Co.*, Id. 220; *Allemannia* v. *White*, 10 Cent. Rep. 65; *Bancroft* v. *H. B. Ins. Co.*, 120 N. Y. 14.) The provision in the policy limiting the consent to $15,320 was clearly waived by the defendant. (*Whited* v. *G. Ins. Co.*, 76 N. Y. 415; *Bodine* v. *E. Ins. Co.*, 51 id. 117; *Brown* v. *G. A. Ins. Co.*, 10 N. Y. S. R. 412; *Putridge* v. *C. Ins. Co.*, 17 Hun, 95; *Van Schoick* v. *N. Ins. Co.*, 68 N. Y. 434; *Cone* v. *N. Ins. Co.*, 3 T. & C. 33; *Smith* v. *H. Ins. Co.*, 47 Hun, 30; *C. U. Ins.*

Co. v. *Elliot*, 12 Cent. Rep. 668; *Ins. Co.* v. *Wilkinson*, 13 Wall. 222; May on Ins. [2d ed.] § 132; *Benninghoff* v. *A. Ins. Co.*, 93 N. Y. 495; *Haight* v. *C. Ins. Co.*, 92 id. 51; *Short* v. *H. Ins. Co.*, 90 id. 16; *Woodruff* v. *I. Ins. Co.*, 83 id. 133; *Bennett* v. *N. B. Ins. Co.*, 81 id. 273; *Richmond* v. *N. Ins. Co.*, 79 id. 230; *Pechner* v. *P. Ins. Co.*, 65 id. 195; *Pitney* v. *G. F. Ins. Co.*, Id. 6; *Carroll* v. *C. O. Ins. Co.*, 1 Abb. Ct. App. Dec. 316; *Shearman* v. *N. Ins. Co.*, 46 N. Y. 526; *Woodward* v. *R. Ins. Co.*, 32 Hun, 365; *Chase* v. *P. Ins. Co.*, 14 id. 456; *Broadhead* v. *L. Ins. Co.*, Id. 452; *Putnam* v. *C. Ins. Co.*, 18 Blatch. 368; *Ins. Co.* v. *Norton*, 96 U. S. 234; *Roby* v. *A. C. Ins. Co.*, 11 N. Y. S. R. 93; *Vanderhoef* v. *A. Ins. Co.*, 46 Hun, 328; *Bennett* v. *A. Ins. Co.*, 106 N. Y. 243; *Miller* v. *P. Ins. Co.*, 107 id. 292; *Goldwater* v. *L. Ins. Co.*, 109 id. 618; 39 Hun, 176; *Sanders* v. *Cooper*, 115 N. Y. 279; *P. L. Ins. Co.* v. *Raddin*, 120 U. S. 183; *Walton* v. *A. Ins. Co.*, 116 N. Y. 317.) Every fact by which the questions of agency and waiver are determined is established by undisputed and unquestioned evidence. Error in finding or refusing to find, where the evidence is undisputed, is error of law. (*Kennedy* v. *Porter*, 16 N. Y. S. R. 613; *Burr* v. *A. Ins. Co.*, 81 N. Y. 175, 180; *Sickles* v. *Flannagan*, 79 id. 224; *Bodine* v. *E. Ins. Co.*, 51 id. 117; *Patridge* v. *C. Ins. Co.*, 17 Hun, 95; *Van Schoick* v. *N. Ins. Co.*, 68 N. Y. 434; *Cone* v. *N. Ins. Co.*, 3 T. & C. 33; *Smith* v. *H. Ins. Co.*, 47 Hun, 30; *Vanderhoef* v. *A. Ins. Co.*, 46 id. 328; *Ins. Co.* v. *Wilkinson*, 13 Wall. 222; *G. Ins. Co.* v. *Hicks*, 125 Ill. 351; *Barnes* v. *H. Ins. Co.*, 75 Ia. 11; *Menck* v. *H. Ins. Co.*, 76 Cal. 51; *Wilson* v. *M. Assn.*, 36 Minn. 112; *H. Ins. Co.* v. *Gilman*, 112 Ind. 7; *Beal* v. *P. Ins. Co.*, 16 Wis. 241; *O. Ins. Co.* v. *G. Ins. Co.*, 71 id. 454; *McGurk* v. *M. Ins. Co.*, 1 L. R. A. 563; *Bank of U. S.* v. *Davis*, 2 Hill, 451.)

*F. A. Smith* for respondent. Since it was conceded upon the trial that all the insurance shown by the proofs of loss was in Allen's name, and upon the same property included in

defendant's policy, there could be no recovery by the other plaintiffs to whom the loss was made payable, if Allen had broken any of the provisions of the contract, unless defendant had waived such breach. (*Richmond* v. *N. Ins. Co.*, 15 Hun, 248; *Van Alystyne* v. *Æ. Ins. Co.*, 14 id. 360; *Hine* v. *H. Ins. Co.*, 29 id. 84; *Grosvenor* v. *A. Ins. Co.*, 17 N. Y. 391; *Frink* v. *H. Ins. Co.*, 1 Abb [N. S.] 344; *Freeman* v. *Fulton*, 14 Abb. Pr. 398; *B. Ins. Co.* v. *Dobin*, 67 Barb. 509; *Tallman* v. *A. Ins. Co.*, 29 How. Pr. 86; *Lasher* v. *N. W. Ins. Co.*, 57 id. 222; *Hastings* v. *W. Ins. Co.*, 12 Hun, 416, 422; *Bidwell* v. *N. W. Ins. Co.*, 19 N. Y. 183; *S. F. & M. Ins. Co.* v. *Allen*, 43 id. 398; *Savage* v. *H. Ins. Co.*, 52 id. 508; *Perry* v. *Lorillard*, 51 id. 217; *Graham* v. *F. Ins. Co.*, 87 id. 78.) If the contract was severable, then within the well-settled rule there could be no recovery for the mortgaged property destroyed. (*Woodward* v. *R. Ins. Co.*, 32 Hun, 372; *Merrill* v. *A. Ins. Co.*, 73 N. Y. 452; *Schuster* v. *D. C. Ins. Co.*, 102 id. 260.) The contract in this case is not "severable;" the existence of the chattel mortgage worked a total forfeiture. (*Bidwell* v. *N. Ins. Co.*, 19 N. Y. 179, 183; *Tallman* v. *A. Ins. Co.*, 29 How. Pr. 71; *Lasher* v. *S. J. Ins. Co.*, 86 N. Y. 423.) The contract provides that the proofs of loss shall contain a statement of "all encumbrances," and that any "misrepresentation" touching the loss "shall cause a forfeiture of all claim on" defendant. The failure to state the mortgage was a "misrepresentation." There was a total forfeiture, and defendant has not waived it. (*Schuster* v. *D. C. Ins. Co.*, 102 N. Y. 260–265; Wood on F. Ins. 928; *Markle* v. *N. D. M. Ins. Co.*, 28 U. C. Q. B. 525; *Chase* v. *H. Ins. Co.*, 20 N. Y. 52.) Noble had no power to bind defendant, either by express waiver or default. (*Mellen* v. *H. Ins. Co.*, 17 N. Y. 609; *Stringham* v. *S. N. Ins. Co.*, 4 Abb. Ct. App. Dec. 315; *Meserau* v. *P. M. L. Ins. Co.*, 66 N. Y. 274; *Bush* v. *W. Ins. Co.*, 63 id. 531; *Devens* v. *M. & F. Ins. Co.*, 83 id. 171; *Rohrback* v. *G. Ins. Co.*, 62 id. 47; *Alexander* v. *G. Ins. Co.*, 66 id. 464.) In the absence of proof that defendant knew of over-insur-

ance, it stands admitted that Allen forfeited this policy. (*Bigler* v. *N. Y. C. R. R. Co.*, 22 N. Y. 402; *Landers* v. *W. Ins. Co.*, 86 id. 414; *Mack* v. *R. G. Ins. Co.*, 106 id. 560.) The plaintiff Allen cannot be heard to allege his ignorance of the conditions and limitations in defendant's policy, to escape the consequences of any breach and consequent forfeiture by him. He is conclusively presumed to have known all the provisions of the contract. (*Pindar* v. *R. Ins. Co.*, 47 N. Y. 114; *Ervin* v. *N. Y. C. R. R. Co.*, 3 T. & C. 214; *Maher* v. *H. Ins. Co.*, 67 N. Y. 289; *McHugh* v. *I. Ins. Co.*, 48 How. Pr. 230.) The receipt and retention of the proofs of loss, without objection, worked no waiver. The defendant could still defend upon any grounds, which might at any time have been available. (*Devens* v. *M. & T. Ins. Co.*, 83 N. Y. 172, 173; *Brink* v. *H. Ins. Co.*, 80 id. 108; *Brown* v. *L. A. Ins. Co.*, 40 Hun, 101.) Under the terms of defendant's policy, there could be no waiver of the condition as to "other insurance," or "over-insurance," without a written indorsement to that effect. (*Walsh* v. *H. Ins. Co.*, 73 N. Y. 5; *Gilbert* v. *P. Ins. Co.*, 36 Barb. 372; *Bigler* v. *N. Y. C. Ins. Co.*, 22 N. Y. 402; *Smith* v. *S. M. Ins. Co.*, 3 Hill, 508; *Stringham* v. *S. N. Ins. Co.*, 4 Abb. Ct. App. Dec. 315; *Van Allen* v. *F. Ins. Co.*, 64 N. Y. 469; *Hine* v. *Woolworth*, 93 id. 75; *Herman* v. *A. Ins. Co.*, 85 id. 162.) The plaintiffs were bound to prove knowledge by defendant of the facts constituting the forfeiture. (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 419; *Robertson* v. *M. L. Ins. Co.*, 88 id. 541; *Stringham* v. *S. N. Ins. Co.*, 4 Abb. Ct. App. Dec. 315; *Herman* v. *A. Ins. Co.*, 85 N. Y. 152; *Sanders* v. *Cooper*, 115 id. 279.)

GRAY, J. The fire insurance policy, upon which the plaintiff has sued the defendant, was held, below, to have been forfeited through a violation of the agreement against other insurance in excess of an amount specified. A brief statement of the facts, as disclosed by the record before us, will aid in an understanding of the reasons for our conclusion that the judgment was right.

One, Noble, was a fire insurance broker, resident, during the summer months, at Lake Placid, where was also the hotel property of the plaintiff. Noble applied to plaintiff Allen to insure his hotel and personal property, and he agreed that Noble might procure such insurance; and the amount of $4,630 was placed with this defendant. This figure was the aggregate of sums apportioned upon various items of property. Noble wrote out upon a piece of paper the apportionment of the insurance, and added a clause, giving to the assured certain privileges as to the use of oil, repairs, and for other insurance. This paper-writing was then transmitted to the defendant's office in New York city. The defendant afterward sent to Noble a policy for the amount mentioned, and upon the face of the instrument was attached the paper forwarded by Noble, but with a change in that part of its writing which privileged the assured to make other insurance. The change was in these words, viz., "total amount, including this policy, not to exceed $15,320." The policy contained various terms and conditions, which bound the assured to the performance of, and the abstention from, certain things, and which defined precisely enough the engagement which the company assumed toward him. For the purposes of this case, we need only refer to the following provisions: "The assured, by the acceptance of this policy, hereby warrants * * * that this company shall not be bound, under this policy, by any act of, or statement made to, or by, any agent or other person, which is not mentioned in this policy. * * * This policy shall become void, unless consent in writing is indorsed by the company hereon, in each of the following instances, viz.: * * * if the assured have, or shall hereafter obtain, any other policy or agreement for insurance, whether valid or not, on the property above mentioned, or any part thereof. * * * If any broker, or other person than the assured, have procured this policy, or any renewal thereof, or any indorsement thereon, he shall be deemed the agent of the assured, and not of this company, in any transaction relating to the insurance." In the concluding clause of the instrument, it is provided that

"this policy is made and also accepted by the insured upon and under * * * all the foregoing agreements, covenants, limitations and conditions." The condition against other insurance, contained in the policy, was so far modified by the company as to permit it to the extent, including the amount insured therein, of $15,320, and the permission was evidenced in writing upon the paper, which had been forwarded from Noble, and which was attached to the face of the policy.

Now this instrument was all there was to operate as a contract between the insurer and the assured. It contained within itself their relative engagements and the whole of them. Its terms charged the plaintiff with notice that the source and extent of the defendant's liability were to be found there and that a failure to keep to certain agreements on his part would exempt the company from any liability to indemnify him for losses. This was the contract proposed by the company, and it was open to the plaintiff to accept it, or to refuse it. He did accept it and became as much bound thereby, as he would have been by any other contract; for there is no distinction to be made between such agreements of insurance and other agreements for the performance of acts, or the payment of money. It forms no exception to the general rule that contracts will be enforced according to their terms, and effect will be given to the expressed intention and the evident understanding of the parties. Every provision, in the absence of fraud and of conditions immoral in the eye of the law, will be presumed to be material to the obligations assumed and when parties enter into contracts, which depend for their validity and enforcement upon the fulfillment of prescribed conditions, they will be held to the exact nature of their engagement. They are presumed to intend the consequences of their acts and it will afford no excuse to them that they mistook the law of the case, or that through inadvertence the conditions and possible consequences were unnoticed. This policy contained conditions of grave import and which closely hedged in the contractual relations of insurer and

assured.  It strongly behooved the plaintiff to consider its contents, when tendered to him, for there was nothing preceding, or outside of it, which at all affected the insurance company.  It was essentially a conditional obligation of the company, and when he accepted it the plaintiff became chargeable with knowledge of its contents and took it according and subject to its terms.  There is no reason why any provision should be set aside.  In this particular case, it was found that the plaintiff did not know about the limitation as to the other insurance.  But that is his fault and not that of the company. It had the right to presume that the plaintiff knew of and assented to every provision in its policy, when he accepted it. Nor is it of any consequence that it may not be possible to show that any prejudice could accrue from insurance in excess of the particular amount.  The purpose for inserting a warranty by the assured is wholly immaterial to the question.  Parties may insert any provisions they choose in contracts, provided they violate none of the rules of law, and they should all be given their appropriate and intended effect.  The warranty inserted here was that the policy should be void, if the assured should thereafter obtain other insurance on the property in excess of a certain stated sum.  The assent of the plaintiff to this provision is conclusively presumed from his acceptance of the policy.  In this respect, he voluntarily fettered himself and submitted to the defendant's conditional acceptance of the risks proposed.  The following authorities may be referred to in connection with the views I have taken of this question: *Chase* v. *H. Ins. Co.* (20 N. Y. 52); *Jennings* v. *C. C. M. Ins. Co.* (2 Den. 75); *Pindar* v. *R. F. Ins. Co.* (47 N. Y. 114); *Rohrbach* v. *G. F. Ins. Co.* (62 id. 47).

The able counsel for the appellants, in seeking for grounds to uphold his contention that the defendant is liable upon this policy, notwithstanding the violation of the warranty as to other insurance, makes two points.  He says, in the first place, that this policy, under the circumstances, could not be invalidated by other insurance; and, in the second place, that the provision on that subject was waived.

The first ground we do not consider a tenable one. The point is that, as there was a consent in writing to other insurance up to a stated amount, written upon the policy, there could be no breach of the plaintiff's agreement not to obtain other insurance, and that the question became one only of the effect of insurance in excess of the amount specified in the consent. But such was not the effect of the act of the company. In restricting the privilege as to other insurance, it merely qualified the condition upon which the policy would become avoided, in that respect. It was the same thing as though the warranty had read that the policy would become void, if the assured should obtain agreements for insurance upon his property to an amount exceeding $15,320. The company had the right to qualify their consent as to further insurance, and it made no difference in the force of the plaintiff's warranty, whether it was an agreement not to obtain any other insurance at all, or none other after a certain sum was reached. It is not for plaintiff to complain, or for the court to reason upon the thing. The time to object was when the policy was tendered.

Passing that point, we come to the consideration of the question of whether there was any waiver of the provision as to other insurance. The ground taken is that Noble was the defendant's agent, and that he knew of other insurance by plaintiff, exceeding the sum of $15,320, at the time when he delivered the policy, and that, when, two years subsequently, a renewal of the policy was delivered, he consented to, and, in fact, recommended an increase of insurance in excess of the amount of $15,320. The evidence is brief, and, in my opinion, does not justify the assertions of counsel with respect to Noble's acts. The assertions proceed upon his inference, merely, from Noble's testimony; for, explicitly, of course, it conveys no such facts to our mind. But, disregarding the effect of the testimony, there exists the broader ground for our holding that Noble was not the agent of the defendant; further than that he might be deemed such for the purpose of delivering the policy and its renewals to plaintiff, and of

receiving the premiums for the defendant. There is nothing in the case to show that Noble was authorized by defendant to act as its agent to effect insurance, or to accept risks for it.

So far as it appears, Noble had no relations whatever with the defendant, other than that he forwarded this paper-writing, which contained statements of the amount of insurance proposed for, and of the privileges desired. He certainly appears to have been nothing more than an insurance broker, soliciting insurance business, and when, upon the acceptance of the risk, he received back a policy of the company for the plaintiff, his sole office was simply to deliver it for the company, and to collect the premium. That is certainly not enough to constitute him an agent for the company, with authority to bind it retroactively, or presently, in transactions relating to the insurance. Circumstances are wholly wanting, from which we may presume the authority of an agent. Then, too, the policy contained the provisions that the company would not be bound by any acts of, or statements of, or to, any agent, or other person, which were not contained in the policy, and, further, that any person other than the assured procuring the policy, or any renewal thereof, should be deemed the agent of the assured, and not of the company. To these conditions the plaintiff's assent is presumed to have been given by his acceptance of the policy, and there is no reason why he should not be bound by them. If Noble had been the agent of the defendant, it was perfectly competent to stipulate by this contract of insurance that anything done by, or known to, the agent should be without effect upon the contract, unless made known in writing to the principal. (*Chase* v. *H. Ins. Co.*, 20 N. Y. 52–56.)

In *Whited* v. *G. F. Ins. Co.* (76 N. Y. 415) it was held, with respect to a like provision as to agency, " that as the insured had contracted that the person, who procured the insurance, should be deemed his agent, he must abide by his agreement." FOLGER, Ch. J., relied upon the cases of *Rohrbach* v. *G. F. Ins. Co.* (62 N. Y. 47) and *Alexander* v. *G. F. Ins. Co.* (66 N. Y. 464), where such a clause was held forceful.

There is no circumstance of proof in this case, from which we might infer any general agency, or particular authority, in Noble to represent the company. He was a conduit between it and plaintiff for the delivery of the policy and its renewals and the collection of the premiums, and to that extent, it may be said, he was an agent, but no other powers can be predicated upon those acts. Any other view of his powers would be without basis in fact, as it certainly would be an unreasonable disregard of the plain agreement of the parties. This is not a case where the dealings of plaintiff were with one who was a commissioned agent of the defendant, or substantially the agent for the placing of its insurance risks, and it, therefore, differs from the other cases in this court referred to by counsel. A mere insurance broker, as Noble appears to have been, cannot be converted into an agent of the insurance company, without evidence of some action on the part of the company, or of facts, from which a general authority to represent it might be fairly inferred.

The judgment appealed from should be affirmed, with costs.

All concur, except PECKHAM and O'BRIEN, JJ., dissenting, and RUGER, Ch. J., not voting.

Judgment affirmed.