<hr />

C. CROZIER GRAY and Another, Respondents, *v.* THE GERMANIA FIRE INSURANCE COMPANY of the City of New York, Appellant.

*Fire insurance policy — the conditions thereof cannot be waived by the oral consent of the insurer's agent, but knowledge by the agent creates an estoppel.*

Although the oral consent of an agent of a fire insurance company, given after the delivery of the policy, is ineffectual to waive its conditions, yet a fire insurance company is estopped from asserting a forfeiture if its agent acquired, prior to the issuing of the policy, knowledge of the facts upon which the claim of forfeiture is based.

APPEAL by the defendant, The Germania Fire Insurance Company of the City of New York, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Rockland on the 25th day of October, 1894, upon the verdict of a jury rendered after a trial at the Rockland Circuit, and also from an order entered in said clerk's office on the 15th day of October, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Ernest Hall,* for the appellant.

*Sidney H. Stuart,* for the respondents.

PER CURIAM:

This case is upon a fire insurance policy. It should be affirmed upon the opinion of the Circuit judge rendered upon the motion for a new trial.

The judgment should be affirmed, with costs.

Present — DYKMAN and PRATT, JJ.

Judgment affirmed, with costs, on opinion of Circuit judge.

The opinion of the judge at Circuit was as follows:

BROWN, J.:

None of the authorities cited by the learned counsel for the defendant in support of his motion for a new trial are applicable to the facts disclosed by the evidence; almost all of them relate to cases where the event which violated the condition happened, and the consent of the agent upon which a waiver was predicated was given, after the policy was issued.

The case of *Allen* v. *The German-American Ins. Co.* (123 N. Y. 6) is distinguished from the case at bar by the fact that Noble, who procured the insurance for the plaintiff, was an insurance broker and was not the agent of the defendant. This case falls easily within the rule applied in *Van Schoick* v. *Niagara Fire Ins. Co.* (68 N. Y. 434); *Berry* v. *A. C. Ins. Co.* (132 id. 49), and numerous other kindred cases cited upon the plaintiffs' brief. Upon the facts as determined by the jury it is very plain that neither plaintiffs nor the agent intended to make a contract that would become void if insurance in other companies was effected. The agent was told that plaintiffs intended to insure for $3,000, and that two-thirds of it was to be placed in other companies. He agreed to issue the policy in suit upon that state of facts, and his statement when he delivered the policy, that "it was all right," had reference to the former conversation, and was in effect a consent that the plaintiffs could procure other insurance. The agent represented the defendant, and had power to waive the condition against other insurance, and must be deemed to have done so when he delivered the policy. The line drawn by the decisions is very clear between cases in which oral consent of an agent, given after the delivery of a policy, has been held ineffectual to waive its condition, and cases where the insurance company has been held to be estopped from asserting a forfeiture by reason of the knowledge of its agent, acquired prior to the issuing of the policy, of the facts upon which the claim of forfeiture was based. The facts of this case, as determined by the jury, bring it within the latter class. The motion for a new trial must, therefore, be denied, and the plaintiffs may have an allowance of five per cent upon the amount of the recovery.