(18 Misc. Rep. 209.)

CATOOSA SPRINGS CO. v. LINCH.

(Supreme Court, Appellate Term, First Department.   October 29, 1896.)

INSURANCE POLICY—CONSTRUCTION—REPUGNANT CONDITIONS.

An insurance policy for $1,750, on property valued at $15,000, prohibited additional insurance without permission of the insurer.   By a slip attached to the policy, "$8,000 total insurance" was permitted.   The slip also provided that the insurer's liability should be limited by any conditions for co-insurance or average contained in any other policy issued on the property.   *Held*, that a co-insurance clause in another policy, requiring insurance to 80 per cent. of the value of the property, and, on failure to so insure, that the insured should be a co-insurer to the extent of such deficit, was a condition of the first policy, thereby requiring $12,000 of insurance.

Appeal from Third district court.

Action by the Catoosa Springs Company against George W. Linch on a policy of fire insurance issued by defendant and his associates as underwriters, each of such underwriters having individually assumed to pay a specified portion of the insurance. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Robert W. Todd, for appellant.

Van Schaick & Norton, for respondent.

BISCHOFF, J.   The defendant and 16 associates, styling themselves the People's Fire Lloyds, insured the plaintiff's hotel and ballroom buildings at Catoosa Springs, Ga., valued respectively at $15,000 and $3,000, against loss or damage by fire,—the hotel building in $1,750 and the ball-room building in $250; the risk being divided among the insurers, each assuming a several liability for one-seventh thereof, and limited to the quotation, "actual cash value of the property at the time of any loss or damage." Only the hotel building was damaged by fire, the actual loss being $6,000; and the aggregate insurance upon such building in force at the time of the loss was $6,125, which last-mentioned amount included a policy for $1,000 issued by the Jefferson Company of Wheeling, W. Va. The policy in suit (that of the People's Fire Lloyds) provided that:

"The underwriters shall not be liable under this policy for a greater proportion of any loss on the described property, or for any loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property; and the extent of the application of the insurance under this policy, or of the contribution to be made by the underwriters in case of loss, may be provided for by agreement or condition written hereon, or attached or appended hereto."

Among the printed provisions of the same policy, also, was the following:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy," etc.

And attached to the policy, at the request of the insured, in the space commonly left for writing in special provisions, was a typewritten slip referred to as a "jacket," which bore the figures and words, "$8,000 total insurance permitted." Stamped or printed upon the face of the jacket, in red ink, was the following:

"It is a condition of this policy, if at the time of loss the assured shall hold any policy of this or any other company on the property hereby insured, subject to conditions of co-insurance or average, this company's liability herein shall be limited thereby to the same extent as though such clause were contained in this policy."

The policy of the Jefferson Insurance Company contained the following clause:

"It is a part of the consideration for this policy, and the basis upon which the rate of premium is fixed, that the insured shall maintain insurance on the property described in this policy to the extent of at least eighty per cent.

(80%) of the actual cash value thereof, and that, failing so to do, the insured shall be a co-insurer to the extent of such deficit, and to that extent bear his, her, or its proportion of any loss; and it is expressly agreed that in case there shall be more than one item or division in the form of this policy this clause shall apply to each and every item: provided, however, that whenever the loss does not exceed five per cent. (5%) of the amount of insurance involved the co-insurance clause need not be applied in the adjustment."

This clause, by intrinsic adoption, was part and parcel of policy in suit. "Verba illata inesse videntur." Broom, Leg. Max. (8th Am. Ed.) 673; And. Law Dict. 1085. Under it the insured, to avoid liability as a co-insurer, was required to keep the property insured in $12,000. The trial justice, charging the plaintiff, as a co-insurer, to the extent of $5,875, the difference between $12,000, or 80 per centum of the value of the property insured, $15,000, and $6,125, the actual amount of the insurance at the time of the loss, rendered judgment in its favor for $51.65, that being one-seventeenth of $877.94, the proportion of the loss of $6,000 which the policy in suit, $1,750, would be required to bear. The plaintiff, however, contends that the justice erred in charging it as a co-insurer, and hence that its recovery should have been $99 as claimed; the defendant's liability being $100.84, one-seventeenth of $1,714.28, the portion of the loss chargeable to the policy in the suit, taking the actual insurance at $6,125. The error claimed is with regard to the justice's construction of the provision of the policy hereinbefore set out. The plaintiff maintained that the provisions for co-insurance are repugnant to the provisions for avoidance of the policy in the event of unauthorized additional insurance upon the same property, and that the latter provisions should prevail. It is conceded that, failing such repugnance, the judgment is incontestible. In Pool v. Insurance Co. (Wis.) 65 N. W. 54, the facts were almost identical with those presented upon this appeal. The policy provided for its avoidance in the event of additional insurance without the consent of the insurer, and that the insurer should not be liable beyond its proportion of any loss to the whole insurance. It was a part of the same policy that, "if at the time of the fire the whole amount of insurance on the property covered by the policy be less than eighty per cent. of the actual cash value thereof," the insurers should "be liable for only such proportion of the damage as the amount insured by the policy shall bear to the 80%" of such cash value. It was held that the provision last alluded to impliedly authorized additional insurance without incurring the risk of an avoidance of the policy under the provisions first above mentioned. We fail to see how a different conclusion can be reached in the case at bar. True, the indorsement upon the jacket of the policy in suit only authorized insurance in the aggregate of $8,000, and left the clause which provided for the avoidance of the policy in the event of other insurance without the insurers' consent to operate if the amount of insurance should exceed that which was expressly permitted. Allen v. Insurance Co., 123 N. Y. 6, 14, 25 N. E. 309; 7 Am. & Eng. Enc. Law, 1012. But the adoption by the policy in suit of the provisions of the policy of the Jefferson Company relating to co-insurance had the effect of still further extending the amount of permissible insurance, to wit, to 80 per centum of the

value of the property covered, or $12,000. It was wholly optional with the insured to maintain a policy with provisions for co-insurance. If he did not, the aggregate of permissible insurance was limited to $8,000. If he did, the adoption of such provisions involved a tacit consent on the part of the insurers to insure in such an amount as would suffice to free the insured from the risk of contribution in the event of a loss. It cannot be fairly questioned that if the plaintiff had insured the property in excess of $8,000, and not above 80 per cent. of its value, the insurers would have been precluded from asserting that the policy was avoided because the actual insurance was in an amount which was not authorized by them. The effect of the provisions of the policy which are involved on this appeal may be a disappointment to the insured, but as we read them they are not reasonably open to a construction which will render them repugnant, and we must enforce the contract in accordance with the terms agreed upon by the parties.

The judgment should be affirmed, with costs.    All concur.