Davis, J.
The parties to this action entered into a written contract for insurance upon the life of the defendant in error. This contract, or policy, was delivered to the insured and was in his possession for nine years, at the end of which time the insured borrowed of the insurer the equivalent of two annual premiums, and gave therefor what is termed a collateral loan note, and deposited the policy with the insurance company as collateral security upon such loan. Thereafter and until the trial of this action in the court of common pleas the policy was in the possession of the insurance company. On the trial in the court of common pleas the. counsel for the plaintiff, before the first witness was called, stated that a demand had been made on the defend *261 ant for this life insurance policy which had been disregarded by the defendant. The counsel for the insurance compnay denied this statement. The plaintiff had requested a copy of all instruments of writing “in the possession or control of defendant which it intends to offer in evidence at the trial of this cause.” The defendant disclaimed any intention of offering the policy in evidence, apparently on the theory that it was incumbent on the plaintiff to do so, but then and there produced and made a tender of the papers to be used on the trial, including the policy issued to the plaintiff. This was a compliance with the request which was made of the defendant, and affords no excuse to the plaintiff for not introducing the written contract between the parties. The plaintiff did not then, nor at any time, offer the policy in evidence. At the close of the trial, it was offered in evidence by the defendant, and was read to the jury.
The policy does not provide for payment at any definite time, but is payable at the death of the assured, or at any time when the premiums paid on said policy, together with the equitable proportion of the company’s surplus contributed by and belonging thereto, losses and expenses being deducted, shall equal the amount insured, with certain provisos.
The plaintiff sought to maintain the issues on his part, by testimony entirely outside of the written contract of insurance, chiefly the testimony of himself and his wife, of statements made prior to the issue of the policy by the agent who solicited the insurance, and as to the alleged subsequent verbal agreement. At every step the defendant’s counsel objected and excepted to the admission of this parol proof of the terms of the contract, because the policy itself was in court and at the command of the plaintiff ; and finally, having themselves put the policy in evidence, they asked the court to rule out all parol testimony, in whatever form, relating to the contract *262 of insurance. The court refused to exclude the evidence, and the defendant excepted.
The plaintiff: having based his cause of action on the written policy and the alleged modification of it, could not prevail in his action without putting the policy in evidence. Much less could he contradict its express terms by parol testimony, as he did do. Assuming that the statements of the soliciting agent in regard to the time when the policy would mature, were made as claimed, they were merged in the written contract which was afterwards accepted and held by the insured for nine years without objection, .and, if they were any more than mere opinions, they were palpably variant from the terms of the subsequent writing. It was, therefore, clearly incompetent to qualify the written contract in that way, so as to make it payable definitely at the end of ten years. 2 Jones E vidence, Sec. 437.
. At the time this contract was made, a verbal contract of insurance was valid in this state; but it never was the adjudged law that when a written contract of insurance had been made and was in existence, another and different parol version of the same contract could be made the ground of action and recovery; and yet that seems to be just what was attempted here, although the plaintiff had expressly based his cause of action on the written policy and a subsequent verbal modification of it. It was not to support the verbal agreement subsequent to the policy that the conversations of. the soliciting agent were offered. This testimony was apparently intended to vary the terms of the written policy as to the time of payment, or, whatever was the pretext or intention, that was the effect of it. Therefore, all of that testimony was inadmissible. It "was prejudicial because it tended to persuade the jury that there had actually been a subsequent agreement, as claimed, to extend the time of payment from ten years to eleven years; although no definite time of maturity is named *263 in the policy itself, or in the collateral loan note given by the plaintiff at the time of the alleged subsequent verbal agreement.
The policy, as already mentioned, was accepted by the insured and he paid the premiums on it for nine years, retaining possession of the document during the whole time and until he surrendered it as collateral security upon his loan. Under such circumstances the presumption is conclusive, in the absence of fraud and mistake, that he knew the contents of the instrument. 1 Jones Ev., Sec. 22. And he is conclusively bound by the terms of the policy, whether he has read it or not. Allen v. Ins. Co., 123 N. Y., 6; Walsh v. Ins. Co., 73 N. Y., 5; Ins. Co. v. Buffum, 115 Mass., 313. The policy contained the following stipulation:
“This policy is issued, and accepted, upon the express conditions and agreements contained upon the back hereof, which are made part hereof, and which are to be used and referred to in order to explain the rights and obligations of the parties hereto in all cases not herein specially provided for, and which explain the rights and obligations of the parties hereto as fully as if they were recited at length over the signatures hereto affixed.”
The following are among the conditions and agreements referred to in the clause just quoted:
“Third — That the premiums shall be paid on or before the days upon which they become due, at the office of said company in the city of Cincinnati, or to the duly authorized agent of the company holding a receipt therefor, and producing same, signed by the president, vice-president or secretary, and that all notes given the company as á lien upon this policy, or in settlement for premiums, or part premiums, shall be paid at maturity, no agent having authority to extend or postpone the time of payment of any premium or note.
“Tenth — That upon the violation of the forego *264 ing conditions, or any of them, this policy shall be null and void, and all payments made thereon and also all accrued surplus or profits, shall be forfeited to said company.
“Eleventh — That the contract of insurance between the parties hereto is completely set forth in this policy, and the application therefor, and none of its terms can loe modified, nor any forfeiture under it waived, except by an agreement in writing signed by the president, vice-president, or secretary, whose authority for this purpose shall not be delegated.”
From these provisions it is apparent that it was stipulated between the parties:
1. That premiums shall be paid on or before the day on which they become due. 2. That all notes given the company as a lien upon the policy, or in settlement for premiums, shall be paid at maturity. 3. That no agent has authority to extend or postpone the time of payment of any premium or note. 4. That upon the violation of the foregoing conditions, or any of them, the policy shall be null and void, and all payments made thereon, and also all .accrued surplus or profits, shall be forfeited to said company. 5. That the contract of insurance between the parties is completely set forth in this policy and the application therefor. 6. That none of its terms can be modified, nor any forfeiture under it waived, except by an agreement in writing. 7. That such an agreement shall be signed by the president, vice-president or secretary, whose authority for this purpose shall not be delegated.
These stipulations excluded the possibility of an existence of a binding verbal contract, such as is alleged by the plaintiff. By his expressed agreement he has made it impossible to modify the terms of the policy by a verbal agreement, or by a writing, unless it should be signed by the president, vice-president or secretary of the company. Union Mutual Life Ins. Co. v. McMillen, 24 Ohio St., 80.
*265 We do not decide that there might not be an estoppel by conduct, notwithstanding such an agreement. But that case does not arise here. The loan of the amount of the two annual premiums, the acceptance of the loan note and the policy as collateral security therefor, and the giving of the receipts for the premiums with the condition that “this payment * * * if made by note, the non-payment of the note at maturity will void the policy,” does not make such a case. It might be otherwise if the policy were, as alleged by the plaintiff, payable in ten years, but it is not so payable; and for anything that appears it may not have become payable in fifteen years. So that acceptance of the premiums for the tenth and eleventh years affords no presumption of an agreement to extend the payment from ten to eleven years, because that transaction was entirely consistent with the terms of the policy.
All of the parol testimony, therefore, relating to this alleged verbal agreement was incompetent ; and for the same reasons the charge of the court was erroneous, in so far as it related to the authority of an agent of the insurance company, whether it be construed as referring to the agent who solicited the policy, or the agent who made the alleged verbal modification ; and also the instruction that a verbal agreement by which the policy was to become due and payable at the time of the payment of the last yearly payment as extended, being made by a mere agent of the company, was binding on the company. Upon the competent evidence in this case the judgment ought to have been for the defendant. It follows that the judgment of the circuit court and the judgment of the court of common pleas must be

reversed.