(44 Misc. Rep. 97.)

### NESTLER v. GERMANIA FIRE INS. CO.

(City Court of New York, Trial Term. June, 1904.)

1. INSURANCE—BREACH OF CONDITIONS—OTHER INSURANCE.

    A fire insurance policy provided that it should be void if the insured procured other insurance on the property without the consent of the insurer indorsed on the policy, and that the insurer should not be liable for a greater proportion of any loss than the amount of the policy bore to the whole insurance on the property, and should not be liable for any greater proportion of the loss than the sum insured bore to 80 per cent. of the actual cash value of the property at the time of the loss. The insured took out other insurance without the knowledge of the insurer. *Held*, that the last clause of the policy did not cover insurance taken out before or after the issue of the policy in suit to which defendant had not consented in writing, and it was not, therefore, liable on the policy.

Action by Jacob Nestler against the Germania Fire Insurance Company. Judgment for defendant.

Alfred Steckler, for plaintiff.
Ernest Hall, for defendant.

DELEHANTY, J. It is conceded herein that on June 11, 1902, the defendant issued its policy for $2,500 to plaintiff on his stock of goods contained in his store No. 2057 Third avenue, in the borough of Manhattan; that the actual sound value of the goods insured at the time of destruction thereof by fire was $10,344.60, and the aggregate insurance thereon at that time was $22,500; that on June 15, 1902, the insured goods were damaged by fire to the extent of $6,863.17, and defendant's proportionate share of same, if at all liable, is $762.58. The policy in question was of the standard form, and contained, among others, the following provisions:

(1) "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other insurance, whether valid or not, on property covered in whole or in part by this policy."

(2) "This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by an expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property."

And (3) indorsed in red ink thereon:

"New York Standard (80%) Average Clause With Exemption of Special Inventory or Appraisement in Certain Cases. This Company will not be liable for a greater proportion of any loss or damage to the property described herein than the sum hereby insured bears to eighty per centum (80%) of the actual cash value of said property at the time such loss shall happen."

It is admitted that other insurance was taken out by plaintiff both before and after the issuance of the policy in suit without the knowledge of defendant, and the question to be determined is whether the clause last above mentioned impliedly permitted the same without further action upon the part of defendant under the clause first above set forth. If it did, then it follows as a matter of course that there must be judgment for plaintiff; otherwise for defendant. Admittedly the decision of the question is a novel one in the insurance law of this state. My attention has been called to but one case in our courts which has any bearing upon the subject in question, and my investigations along the same lines have resulted in no better discovery. The case cited is Catoosa Springs Co. v. Linch, 18 Misc. Rep. 209, 41 N. Y. Supp. 377, decided by the Appellate Term of this department in October, 1896. There the policy in suit permitted a total insurance of $8,000. It contained a clause that the underwriters should not be liable thereunder for a greater proportion of any loss on the described property, or for any loss by an expense of removal from premises endangered by fire, than the amount thereby insured shall bear to the whole insurance; and also another that the entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void if the insured then had or shall thereafter make or procure any other contract of insurance thereon. On the binder permitting the other insurance above specified was the following:

"It is a condition of this policy, if at the time of loss the assured shall hold any policy of this or any other company on the property hereby insured, subject to the conditions of coinsurance or average, this company's liability herein shall be limited thereby to the same extent as though such clause were contained in this policy."

At the time of the loss in question the aggregate insurance thereon included a policy issued by the Jefferson Company, of Wheeling, W. Va. This last-named policy contained the 80 per cent. average clause, and the court held that that clause by intrinsic adoption was part of the policy in suit, and under it the insured was required to keep the property insured to 80 per cent. of its actual value. And, further, upon the authority of Pool v. Milwaukee Mechanics' Ins. Co., 91 Wis. 530, 65 N. W. 54, 51 Am. St. Rep. 919, that such clause impliedly authorized additional insurance, without incurring the risk of an avoidance of the policy under the provisions requiring written consent for other insurance, even though the amount exceeded the limit expressly stipulated, viz., $8,000, provided, however, it did not extend the amount of permissible insurance beyond the 80 per cent. valuation. While this case is an authority and binding to the extent stated, I do not consider it in point upon all the issues herein. As stated, when the plaintiff at bar obtained the policy in suit, he had already on the property covered thereby policies aggregating in value $17,500, or 175 per cent. of the actual value of the insured property. This situation admittedly was concealed from defendant, and when it issued its policy the property in question became insured for about 200 per cent. of its actual value. Still desiring further protection in that line, the plaintiff obtained the very next day after the issuance of the policy herein, and without notice

to this defendant, other insurance to the amount of $1,000. I think by his acts he overreached himself, and consequently the policy in suit was avoided. Giving to plaintiff the most favorable construction deducible from the 80 per cent. average clause in question, the most that can be claimed is that it permitted other insurance for an amount which that sum bore to the actual value of the property insured. In the Pool Case, supra, it was said that, while this 80 per cent. average clause does not expressly authorize additional insurance without the consent of the insurer, yet it does by necessary implication authorize the same, and make it an object for the insured to take additional insurance until the 80 per cent. of the actual cash value of the property should be obtained. This interpretation of the clause in question is, in my opinion, a reasonable one, and under the cases cited I conclude that plaintiff had, under the 80 per cent. average clause contained in the policy herein, the implied right to take other insurance upon the property in question up to 80 per cent. of the actual value thereof. But does that clause cover the previous insurance herein? The policy declares that it shall be void "if the insured now has" other insurance. As stated, he did have other insurance when the policy in suit was issued. The 80 per cent. clause was an added one, and, although literally its language points to prospective insurance, under the rule that when the meaning of an instrument taken as a whole is doubtful, its several provisions should be construed favorably to the party to whom the undertaking is made, and most strongly against the party in whose interest the provisions are introduced, the words must be held to refer to and include insurance already existing, provided the aggregate amount thereof does not exceed the 80 per cent. limit specified. As the previous insurance far exceeded that amount, the policy, in my opinion, was, therefore, avoided thereby. I conclude further that the taking out by plaintiff of the $1,000 policy the day after the issuance of the one in suit, whereby the property in question became insured in all for 230 per cent. of its actual value, was in itself a distinct and separate act of avoidance. If right in my conclusions, it follows that there must be judgment for defendant dismissing the complaint, which is hereby directed. Plaintiff to have a stay of 10 days after entry and service of judgment and 30 days' additional time to make and serve a case on appeal.

Judgment accordingly.