■ AMERICAN BANK & TRUST COMPANY, as Trustee of the First Hanover Retirement Trust, Respondent-Appellant, v HARTFORD ACCIDENT AND INDEMNITY COMPANY et al., Appellants-Respondents.—Order, Supreme Court, New York County, entered April 21, 1975, unanimously modified, on the law, to vacate that portion which denied the motion of defendants-appellants-respondents for summary judgment dismissing the complaint, and to grant that motion, and otherwise affirmed. Defendants-appellants-respondents shall recover of plaintiff-respondent-appellant $60 costs and disbursements of the cross appeals. This appeal and cross appeal are taken from portions of the order of Supreme Court denying each side's motion for summary judgment. Plaintiff-respondent-appellant American Bank & Trust Company was trustee of assets designed to provide retirement benefits for employees of First Hanover Corporation, the indenture of which trust, agreed to by all concerned, subordinated the trust assets to all other debts of Hanover. To cover any such exposure, plaintiff trustee procured a bond, issued by defendants-appellants-respondents, in which was incorporated a subordination agreement in favor of plaintiff, covering not only Hanover but any successor thereto for any diversion of assets flowing from any such subordination. Thereafter, and pursuant to notice, the bond was extended for a year from its expiration date, August 29, 1969. Too late under a 60-day notice clause to cancel, defendants learned that Hanover was negotiating a sale of its assets to First Devonshire Corporation; defendants' attempt at recall of the bond to re-evaluate its risk was rejected by Hanover. Before the extension of the bond for a year took effect, but too late for its cancellation, Hanover and Devonshire negotiated a purchase-sale agreement, and Hanover agreed to subordinate its trust assets to Devonshire's debts. Plaintiff demanded return by Devonshire of the Hanover assets but to no avail, and, on Devonshire's subsequent bankruptcy, plaintiff was listed as a general creditor. Meanwhile, the broker who had originally negotiated the bond billed the premium for its extension to Devonshire and was paid; defendants, however, not recognizing the broker as their agent nor Devonshire as principal, sent notice of cancellation as at the end of the period of extension to Hanover. It cannot be said that the broker's act in billing Devonshire and depositing the payment binds defendants to having accepted Devonshire as Hanover's successor as substitute principal. The enlargement of the broker's

limited "agency," if any agency at all, cannot in the absence of proof to this effect—and there was none—be presumed. (See *Allen v German Amer. Ins. Co.,* 123 NY 6.) No claim, therefore, by plaintiffs can be founded on the broker's act. Nor does plaintiff find any comfort in the fact that its claims against Devonshire were settled without reservation of rights against anyone else, to add to which Devonshire's discharge in bankruptcy wipes out any claim based upon nonpayment of a debt owed by Devonshire to plaintiff as a general creditor which relegates plaintiff to the sole remaining possibility of a viable claim against the bond: as successor to Hanover. It is not; its "succession" was the result of the purchase-sale agreement above alluded to, and there is no proof in the record that the transaction was anything but a sale of assets. The recitals of the complaint are simple indeed: that, if plaintiffs did not receive the return of trust assets, within the bond's limits, by August 29, 1970, defendants were bound to pay therefor. The claim has not been sustained, and accordingly defendants are entitled to summary judgment dismissing the complaint. Concur—Stevens, P. J., Markewich, Murphy, Capozzoli and Lane, JJ.